STATE OF CONNECTICUT *v.* ANONYMOUS (1979–1)*

APPELLATE SESSION OF THE SUPERIOR COURT

PARSKEY, J. The defendant was found guilty by a jury of the crime of criminal mischief in the third degree and was fined $250. The defendant, who was indigent, was obliged to try the case himself because he was denied the services of a public defender. The state asserts that the defendant had no right to a public defender and that the fact that he was compelled to try his own case did not deny him a fair trial. To the extent that this assertion implies that any error involved in granting the public defender permission to withdraw was harmless, we disagree.

In his brief the defendant raises four claims, three of which seek to expand the constitutional right to counsel enunciated in *Argersinger* v. *Hamlin,* 407 U.S. 25. The fourth claim attacks a ruling made before trial which granted the public defender permission to withdraw as counsel for the defendant. Because the resolution of this issue is dispositive of this appeal on nonconstitutional grounds, we need not address the constitutional questions.

The alleged criminal mischief involved the breaking of a window. Because of the defendant's indi-

---

* Thus entitled, in view of General Statutes § 54-142a.

gency a public defender was appointed initially to represent him. As a result of plea negotiations between the prosecutor and the public defender, the prosecutor agreed to nolle the case if the defendant agreed to pay for the replacement of the broken window. The public defender recommended that the defendant accept the agreement, but the defendant, proclaiming his innocence, refused. Thereupon, the public defender moved for permission to withdraw as counsel "because the defendant will not follow the advice of counsel and wishes new counsel to defend him." The court, without the defendant's consent, permitted counsel to withdraw. The court also refused to appoint another public defender on the ground that, as stated on the record, only a fine would be imposed upon the defendant in the event of a guilty verdict and that, accordingly, he was not entitled to appointed counsel as a matter of right. See §§ 2370 (2), 2340, 2342 of the 1963 Practice Book, as amended. The question presented is whether the court was correct in permitting counsel to withdraw.

Section 2040 of the 1963 Practice Book, as amended, provides that in a criminal case no motion by counsel to withdraw shall be granted except for good cause shown. The stated reason for counsel's motion here was the defendant's refusal to follow his advice. Although in most cases defendants do follow the advice of counsel respecting the disposition of the case, no defendant is obliged to do so. A prosecutor is not free to enter a nolle whenever he chooses if the defendant objects. Under § 2137 of the 1963 Practice Book, as amended, except in a limited number of situations not pertinent here, a nolle may not be entered where the defendant demands either a trial or a dismissal. The recommendation that a nolle enter upon the defendant's payment for replacement of the window may have

appeared to him to be tantamount to an acknowledgment of guilt and therefore inconsistent with his claim of innocence. If, under these circumstances, he preferred to go to trial, it was his privilege to do so. His refusal to accept his counsel's recommendation is not a sufficient basis for permitting counsel to withdraw. The effect, therefore, of granting counsel's motion was to expose the defendant to the complexities of a jury trial without the aid of legal assistance and that constituted harmful error.

There is error, the judgment is set aside and the case is remanded with direction to deny the public defender's motion to withdraw and thereafter to proceed according to law.

In this opinion A. HEALEY and D. SHEA, Js., concurred.